IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUCOM SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-173-SLR |
| | ) |
| GETRONICS FINANCE HOLDINGS | ) |
| B.V. and GETRONICS N.V., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of November, 2012, having reviewed the parties' supplemental papers (D.I. 65, 67) that were submitted consistent with the October 16, 2012 memorandum order of the court (D.I. 63);

IT IS ORDERED that discovery shall proceed, as will be further addressed at today's scheduling conference.[1]

1. **Background.** As more fully described in the October 16, 2012 memorandum order, KPMG determined that CompuCom had not demonstrated that "the accounting for spare parts inventory using the historical estimate of a six-year useful life [was] unreasonable;" therefore, "consistency must prevail." (D.I. 63 at 7) In reality, all KPMG determined was that CompuCom failed to carry its burden of proof in a narrowly circumscribed proceeding.

---

[1]Because of the following decision, CompuCom's motion for leave to file a sur-reply (D.I. 69) is denied as moot.

2. **Standard of review.** "[I]t has long been settled that preclusion ordinarily is an all-or-nothing [rule]. The prior determination either precludes any further dispute about the matter, or it is irrelevant and cannot be admitted even as some evidence bearing on a matter." 18 Wright and Miller, *Federal Practice & Procedure* §4416 (2d ed.). Under Delaware law, prior findings and judgments generally "either come in under collateral estoppel, as conclusive proof, or they do not come in at all, as hearsay." *Cox v. Rauch & Tinius Olsen Testing*, Civ. No. 98-07-005, 1999 WL 1225779, at *1 (Del. Super. Nov. 4, 1999); *see also First Nat'l Bank of Palmerton v. A.E. Simone & Co., Inc.*, Civ. No. 96-05-022, 1998 WL 437147, at *3-*4 (Del. Super. May 18, 1998). The Third Circuit has also embraced this approach. *See Int'l Land Acqs., Inc. v. Fausto*, 39 Fed. Appx. 751, 756 (3d Cir. 2002); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1195 n.28 (3d Cir. 1986).

3. **Discussion.** For purposes of this discussion, I accept the premise that, "if [a party's] action is reasonable, it is difficult to ascertain how it could simultaneously be in bad faith." (*Deja Vu Entm't Enters. of Minn., Inc. v. United States*, 1 F. Supp. 2d 964, 969 (D. Minn. 1998); *see also, In re Mirant Corp. Sec. Litig.*, Civ. No. 02-1467, 2009 WL 48188, at *23 (N.D. Ga. Jan. 7, 2009). Nevertheless, there is no finding at bar that the adoption by Getronics of a six-year useful life was "reasonable" because the court has determined that the KPMG conclusions in this regard have no preclusive effect in this proceeding. Moreover, because I have no doubt that each party can and will find experts to offer adverse opinions consistent with their respective views on the issues in

dispute, the above principle is of limited use at this stage of the proceedings.[2]

4. **Conclusion.** I am well aware of the fact that this litigation has been stalled for several years. Although it strikes me that the parties at bar are being unreasonable in their approach to this case, and are spending more money on lawyers than on an acceptable business solution,[3] I conclude that it is time to enter into a scheduling order and to proceed with discovery. In this regard, CompuCom has proposed expansive discovery. (D.I. 65 at 6-19) I have an obligation to ensure that the discovery process is not overly burdensome or costly, and that it is commensurate with the complexity of the case. Therefore, if the parties cannot agree to a discovery plan, I will prioritize the issues for discovery and manage the parties' progress, to the extent practicable.

United States District Judge

---

[2] I disagree with the suggestion by Getronics that an interlocutory appeal is the answer. (D.I. 67 at 5)

[3] Obviously, having the input of KPMG did not move the parties toward a consensual settlement of their dispute.

3